UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT LEBLANC** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 19-13274** |
| **FEDEX GROUND PACKAGE SYSTEM, INC.** | **SECTION: "G" (3)** |

### ORDER AND REASONS

Before the Court is Pellegrin Family Enterprises, Inc.'s ("Intervenor") "Unopposed Motion for Leave to File Petition of Intervention."[1] Having reviewed the motion and the applicable law, the Court denies the motion.

### I. Background

Plaintiff Robert LeBlanc ("Plaintiff") alleges that he was employed as a delivery driver for Intervenor.[2] Plaintiff claims that Intervenor contracted with Defendant FedEx Ground Package System, Inc. ("Defendant") to perform delivery services.[3] Plaintiff alleges that on October 25, 2018, Defendant's employees loaded Plaintiff's truck with packages to be delivered by Plaintiff.[4] Plaintiff claims that thereafter, while making a delivery, "an avalanche of boxes fell on him, causing severe and disabling injuries to his neck and back."[5] Plaintiff brings claims for past,

---

[1] Rec. Doc. 21.

[2] Rec. Doc. 1 at 1.

[3] *Id.*

[4] *Id.* at 2.

[5] *Id.*

1

present, and future pain and suffering; past, present, and future mental anguish and suffering; past, present, and future expenses; and past, present and future loss of wages and/or earning capacity.[6]

Plaintiff filed a complaint in this Court on October 25, 2019.[7] He filed an amended complaint on November 5, 2019.[8] On January 22, 2021, Intervenor filed the instant motion for leave to file a petition of intervention.[9] In the motion and proposed pleading, Intervenor asserts that, since the alleged accident, it has paid Plaintiff $95,786.85 in workers' compensation benefits and $33,300.00 in medical payments.[10] Intervenor contends that if there is a judgment in the instant case in Plaintiff's favor, it is entitled to reimbursement and to be relieved from future liability.[11]

 In the instant motion for leave as well as in the attached proposed pleading, Intervenor fails to establish any specific basis for subject matter jurisdiction.

## II. Law and Analysis

Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. "It has long been the general rule that complete diversity of parties is required in order that diversity jurisdiction obtain; that is, no party on one side may be a citizen of the same State as any party on the other side."[12] Diverse citizenship must be present at the time the

---

[6] *Id.* at 3.

[7] Rec. Doc. 1.

[8] Rec. Doc. 6.

[9] Rec. Doc. 21.

[10] Rec. Doc. 21-2 at 2.

[11] *Id.*

[12] *Mas v. Perry*, 489 F.2d 1396, 1398 (5th Cir. 1974).

complaint is filed, and it is not affected by "subsequent changes in the citizenship of the parties."[13] The burden of proof remains on the party asserting jurisdiction,[14] and jurisdiction must be apparent on the face of the complaint.[15] The rules requiring the party asserting jurisdiction to do so "are straightforward, and the law demands strict adherence to them,"[16] and so a petitioner in intervention must assert the basis for subject matter jurisdiction of its claims.

Although supplemental jurisdiction exists over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution,"[17] this broad grant is not unlimited. Subsection (b) provides that in an action brought under 28 U.S.C. § 1332, that is, an action based solely on diversity, "the district courts shall not have supplemental jurisdiction under subsection (a)" over various types of intervenor claims "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."[18]

Therefore, in a diversity action, as here, petitioners must independently meet the appropriate jurisdictional requirements in order to intervene.[19] In a diversity action, either a lack of complete diversity arising from the presence of the intervenor in the suit or the presence of an amount in controversy that does not exceed $75,000 is sufficient to bar jurisdiction over claims

---

[13] *Id.* at 1398–99.

[14] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[15] *See, e.g., Cont'l Cas. Co. v. Canadian Universal Ins. Co.*, 605 F.2d 1340, 1343 (5th Cir. 1979). *See also Kerney v. Fort Griffin Fandangle Ass'n*, 624 F.2d 717, 719 (5th Cir. 1980) (pleading party must set out basis for jurisdiction "distinctly and affirmatively").

[16] *Nadler v. Am. Motor Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985).

[17] 28 U.S.C. § 1367(a)

[18] *Id.*

[19] *Griffin v. Lee*, 621 F.3d 380 (5th Cir. 2010).

that would otherwise be covered by supplemental jurisdiction.[20] Even where the claims in the underlying lawsuit satisfy the amount in controversy requirement, the intervenor claims must also satisfy the amount in controversy requirement.[21] It is of no consequence that it might be more logical or convenient to adjudicate the intervenor claims within the same suit, as "convenience cannot supplant the unambiguous language of a jurisdictional statute."[22]

Here, Intervenor has not demonstrated that an independent basis for jurisdiction exists. The federal diversity jurisdiction statute provides that a corporation is a citizen of its state-of-incorporation and "of the State where it has its principal place of business."[23] Neither the instant motion nor the proposed pleading properly alleges the citizenship of Intervenor. Moreover, Intervenor has not alleged that the intervenor claim meets the necessary amount in controversy. Therefore, subject matter jurisdiction is not apparent on the face of the petition for intervention.

### III. Conclusion

For the reasons set forth above, Intervenor has failed to meet its burden as the party asserting jurisdiction. Accordingly,

---

[20] *Id.* at 387 ("In this case, the lack of complete diversity and the presence of an amount in controversy less than $75,000.00 are both inconsistent with the jurisdictional requirements of 28 U.S.C. § 1332.").

[21] *Id.* at 389.

[22] *Id.* at 389-90 (also noting that "efficiency and economy cannot confer jurisdiction upon courts where Congress has, according to the Supreme Court, unambiguously chosen to limit such jurisdiction").

[23] 28 U.S.C. § 1332(c)(1).

4

**IT IS HEREBY ORDERED** that Intervenor Pellegrin Family Enterprises, Inc.'s "Unopposed Motion for Leave to File Petition of Intervention"[24] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this 28th day of January, 2021.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[24] Rec. Doc. 21.